## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| **CARRIE HOLLYFIELD,** | : | **Case No. 1:23-cv-797** |
| | : | |
| **Plaintiff,** | : | **Judge Jeffery P. Hopkins** |
| | : | |
| **-vs-** | : | |
| | : | **DEFENDANTS' REPLY IN SUPPORT** |
| | : | **OF ITS 12(b)(6) MOTION TO DISMISS** |
| | : | |
| **CITY OF CINCINNATI, et al.,** | : | |
| **Defendants.** | | |
| | : | |

Plaintiff argues that the Defendants' Motion to Dismiss (Doc. 7) should be denied because she has alleged sufficient facts to support her discrimination and retaliation. Plaintiff further argues that she has alleged sufficient facts to support her allegations that : (1) she was subject to an adverse employment action, (2) she provided relevant comparables, (3) she was subjected to a hostile work environment, (4) she was retaliated against, (5) that her Complaint is not beyond the scope of her OCRC/EEOC charge, (6) that the Individual Defendants are not entitled to qualified immunity, and (7), that she has standing to file an action separate from her OCRC claim. (see Doc. 8, generally) Her arguments fail. Further, she has not addressed or rebutted several arguments that the Defendants made in their Motion to Dismiss, accordingly the Defendants' Motion to Dismiss should be granted.

## ARGUMENT

**A.    Plaintiff's claims are limited to the scope of her OCRC/EEOC Charge.**

1

It is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly filed the claim in the EEOC charge, or the claim can be reasonably expected to grow out of the EEOC charge of discrimination. *Tartt v. City of Clarksville,* 149 Fed. Appx. 456, 2005 U.S. App. LEXIS 19726 (6th Cir. 2005) citing *Weigel v. Baptist Hosp. of E. Tenn.,* 302 F.3d 367, 379 (6th Cir. 2002). The judicial complaint must be limited to the scope of the EEOC investigation. *Id.* at 380. In this case the claims contained in Plaintiff's OCRC/EEOC charge are vastly different from the claims in her judicial complaint, and that is fatal to her judicial complaint.

**Plaintiff did not allege an adverse employment action or retaliation in her OCRC/EEOC charge; therefore, this Court is without jurisdiction to hear Plaintiff's Title VII discrimination and retaliation claims.**

Plaintiff filed her OCRC/EEOC charge on November 29, 2021. (Doc. 1; PAGEID#12, ¶ 71). On October 29, 2021, Plaintiff was transferred to a different position. (Doc. 1; PAGEID#12, ¶ 60). This means that at the time Plaintiff filed her OCRC/EEOC charge, she had already been transferred to a different position and was working in that new position for a month. Yet Plaintiff mentions NOTHING about the transfer into a different position in her OCRC/EEOC charge. Plaintiff failed to allege that she had suffered ANY adverse employment action in her OCRC/EEOC charge, let alone that her transfer constituted an adverse employment action. (Doc. 1; PAGEID#40) Further, the OCRC found that Plaintiff consented to the transfer. (Doc. 1; PAGEID#35, ¶25) A consensual transfer is not an adverse employment action.

Contrary to Plaintiff's assertion, in her Response to the Defendants' Motion to Dismiss, that she, "adequately alleged retaliation" in her OCRC/EEOC charge, (Doc. 8; PAGEID#16) Plaintiff did not allege that she suffered ANY retaliation, despite the fact that there is a specific place to check retaliation in the OCRC/EEOC charge form. (Doc. 1; PAGEID#40) Even if one goes beyond the "checked" box for retaliation to Plaintiff's actual written allegations, there is still NO mention of retaliation. There is no allegation of a position change, transfer, or lack of access to overtime or anything else. (Doc. 1; PAGEID#40)

Basically, what we have is a tale of two complaints. The OCRC/EEOC charge tells one story and Plaintiff's judicial complaint tells a different, wildly expanded and dramatic story. For example, as outlined in the Defendants' Motion to Dismiss, (Doc. 7; PAGEID#123-124) Plaintiff's allegations to the OCRC consist mainly of other CPD members making a few stray comments. Some of the stray comments were made in Plaintiff's presence and about her and some were not. Some stray comments included a racial component, and some did not. But that is basically the charge. Contrast that to Plaintiff's instant judicial complaint. (Doc. 1)

In the judicial complaint Plaintiff makes several salacious allegations that were not in her OCRC Complaint, including:

- "Defendant Miller was physically aggressive to personnel when she was angry." (Doc. 1, PAGEID#7; ¶ 30); and,

- "From April 2021 through the remainder of the summer, Plaintiff was denied equal access to overtime and career opportunities, to include

3

working with the Police Cadets, because of her race" (Doc. 1, PAGEID#8, ¶43); and,

- "From April 2021 and through the remainder of the summer black officers were given access to overtime and career opportunities before Plaintiff because she is white" (Doc. 1; PAGEID#8, ¶); and,

- "Marks were placed on a promotional list identifying personnel by their race and openly displayed in the unit" (Id. at ¶ 46)

None of the above dramatic allegations appear in Plaintiff's OCRC charge. The Plaintiff's problem is that the law requires that her two complaints tell essentially the same story and they do not. If the instant judicial complaint is allowed to go forward, it would render the exhaustion of administrative remedies requirement essentially meaningless. A Plaintiff could make allegations in the OCRC/EEOC charge that were thoroughly investigated, and then turn around and add whatever additional allegations she wanted in the judicial complaint thereby skirting the required administrative agency review. Such a result is not permitted as outlined in *Tartt* and *Weigel* cases cited above.

### B.  Plaintiff fails to identify employees who are comparable with her in every material respect.

In her response to Defendants' Motion to Dismiss, Plaintiff fails to identify other Cincinnati Police employees who are comparable with her in every material respect who were treated more favorably. Instead, Plaintiff makes broad, vague statements like, "Plaintiff can demonstrate comparable non-protected persons were treated better, and she was subsequently replaced by a less qualified person outside

4

the class." (Doc. 8, PAGEID#190) Plaintiff does not say which employee(s) were treated better than her, or how they were treated better than her. She also does not name the employee that replaced her or say how or why that employee was less qualified than her. These broad statements are precisely the kind of statement that do not meet the *Iqbal/Twombly* standard. Consequently, Plaintiff has failed to sufficiently allege a Title VII discrimination claim.

Further, in her response, Plaintiff relies on allegations that were not included in her OCRC/EEOC charge. Therefore, she has failed to exhaust her administrative remedies. For example, in order to attempt to establish less favorable treatment Plaintiff states, "Plaintiff was denied equal access to overtime and career opportunities, to include working with the Police Cadets; under a system that gave preference to similarly situated, but black officers within the unit....the most compelling evidence of discriminatory treatment occurred when Plaintiff reported the racially discriminatory behavior and was suddenly removed from her position and replaced with a black officer." (Doc. 8, PAGEID#191). These allegations were not included in Plaintiff's OCRC/EEOC charge. There is no mention of overtime access denial, lack of opportunity with Police Cadets, the establishment of a system that favored black officers, or position removal in Plaintiff's OCRC/EEOC charge. Once again, Plaintiff improperly attempts to expand the scope of her complaint and evade the limitations contained in the exhaustion of administrative remedies requirement. Further, these allegations are impermissibly vague.

**C.    Plaintiff fails to rebut the Defendants' argument that when Plaintiff's allegations are properly filtered to include only those allegations that stem from her OCRC/EEOC charge, the allegations do not constitute a hostile work environment.**

In her response to the Defendants' Motion to Dismiss regarding her hostile work environment claim, Plaintiff again improperly relies on alleged "facts" beyond those that were explicitly raised with the OCRC/EEOC. Plaintiff supports her hostile work environment claim with allegations that was "provided less opportunities and overtime" and "her requests for time off received additional scrutiny" and how she was "removed" from her position. Yet these allegations appear nowhere in her OCRC/EEOC charge. Consequently, the Court does not have subject matter jurisdiction to consider them.

The issues submitted by the Plaintiff in *Saade v. City of Detroit*, 2021 U.S. Dist. LEXIS 21272, 2021 WL 391417 (Case No. 19-cv-11440) are similar to the issues in this case. Regarding the exhaustion of administrative remedies, the Court in *Saade* stated, "As an initial matter, Defendants argue that the Court does not have subject matter jurisdiction to hear any of Plaintiff's claims beyond those explicitly raised with the EEOC. Defendants are correct. 'It is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge.' *Strouss v. Mich.Dept. of Corr.,* 250 F.3d 336, 342 (6th Cir. 2001). Accordingly, the *Saade* Court only considered the claims that were brought before the EEOC.

Likewise, this Court should only consider the claims that Plaintiff explicitly brought before the OCRC/EEOC, which are outlined in Doc. 1; PAGEID#40 and Doc. 7; PAGEID#119. The claims that Plaintiff explicitly brought to the OCRC/EEOC do not include any adverse employment action or retaliation. Further, the claims before the OCRC/EEOC merely outline a few stray comments made by fellow Cincinnati Police employees, some of which were not made to or about Plaintiff and some of which were not racial in nature. As outlined in detail in the Defendants' Motion to Dismiss, these stray comments do not amount to a severe and pervasive hostile work environment based on race.

Plaintiff mistakenly believes that the OCRC initial probable cause finding equates to a prima facie case of discrimination under federal law. The Plaintiff in the *Saade* case had the same mistaken belief. The Court in *Saade* dispelled that erroneous belief by stating:

> Plaintiff focuses on the EEOC "cause" determination . . . . The EEOC concluded: 'The Commission's investigation did establish that Plaintiff was discriminated against . . ."

> The Court is not bound by this determination. See *Dorn v. General Motors Corp.,* 131 Fed. App'x 452, 471 (6th Cir. 2005). Moreover, an EEOC finding in Plaintiff's favor does not relieve Plaintiff of his burden of establishing a prima facie case, which he has not done here. *Williams v. Nashville Network*, 132 F.3d 1123, 1128-29 (6th Cir. 1997)

In this case, the issue weighs even more in favor of the Defendants because the OCRC did not make a final determination that Plaintiff was discriminated against or subject to a hostile work environment, they made an initial probable cause finding and then they worked with the City to reach a resolution that did not result in a

7

finding or admission of liability. As stated above, and in the previously filed Motion to Dismiss, (Doc. 7) Plaintiff's explicit claims to the OCRC/EEOC involved a few stray comments that do not constitute a severe and pervasive hostile work environment.

### D. Plaintiff fails to make sufficient factual allegations against most of the Individual Defendants and Plaintiff fails to rebut the Individual Defendants' Qualified and Statutory Immunity Claims.

Plaintiff has not made any factual allegations, or sufficient factual allegations against Defendants Theetge, Davis, Williams, Gibson and Lewis. In her response to the Defendants' Motion to Dismiss Plaintiff did not dispel this argument. Accordingly, Defendants Theetge, Davis, Williams, Gibson and Lewis should be dismissed as Plaintiff has failed to state a claim against them.

Further, all Individual Defendants have qualified, and statutory immunity and Plaintiff has failed to rebut that argument. In general, the Sixth Circuit reviews constitutional discrimination claims alleging a violation of equal protection under § 1983 in a similar manner as Title VII discrimination claims and looks to Title VII precedent in analyzing § 1983 discrimination claims. *See, e.g., Weberg v. Franks,* 222 F.3d 514, 522 (6th Cir. 2000).

Further, the Sixth Circuit found that courts should not define clearly established case law at a high level of generality, for the purpose of determining qualified immunity. See *Yerkes v. Ohio State Highway* Patrol, 2022 U.S. App. LEXIS 35260. This means that in order for qualified immunity <u>not</u> to apply to the Defendants the Court would need to find that case law has *clearly established* that each of the following phrases, specifically and in the following contexts, are unconstitutional: (1)

two comments said outside of Plaintiff's presence and not about her of, "those white motherfuckers on the second floor" and "we have all worked with white people we don't like" [the allegations against Miller]; (2) comments referring to Plaintiff as "Ms. Affirmative Action" and saying in her presence, "everyone stand up and pull your black card out Carrie is speaking" [the allegations against Eubanks]; (3) saying to Plaintiff "stay the fuck away from me" [the allegation against Robinson]; and (4) calling Plaintiff a "dumbass" in the context of discussing a seniority issue [the allegation against Mitchell].

First, the statements made by Robinson and Mitchell are not racial in nature, and there is no case law that says those specific comments are unconstitutional or create an unconstitutionally race based hostile working environment. Clearly, Robinson and Mitchell are entitled to qualified immunity.

Second, the statements made by Miller were not made to Plaintiff or about her. There is no clearly established case law that says making these two comments, not in the presence of or about a Plaintiff creates an unconstitutionally race based hostile work environment. Miller is entitled to qualified immunity.

And finally, there is no clearly established case law that says that Eubank's two isolated comments create an unconstitutionally race based hostile work environment. Eubank is entitled to qualified immunity.

Snider is also entitled to qualified immunity. As stated above, there is no clearly established case law indicating that any of the statements above create an

unconstitutionally race based hostile work environment such that Snider would be on notice that his alleged failure to act is unconstitutional.

**F.    Plaintiff fails to rebut the Defendants' argument that she does not have standing to bring a private cause of action separate from the provisions of Chapter 4112 of the Ohio Revised Code.**

Plaintiff chose to file her initial complaint of discrimination with the Ohio Civil Rights Commission. By doing so she specifically invoked the rights and processes afforded by Ohio Revised Code, Chapter 4112. This process involved engagement with the investigative and enforcement arm of the Ohio Civil Rights Commission. In this case, the OCRC made a probable cause finding but then engaged the parties in conciliation and at the end of the conciliation process entered into an agreement with the City which ended the OCRC's investigation into the allegation without a finding or determination that discrimination was actually committed and no admission from the City that it committed discrimination.(Doc. 7-1; PAGEID#176, ¶ E).

Basically, the City worked with the OCRC and addressed the OCRC's concerns by undertaking extra training of the police department. Plaintiff did not agree to the conciliation-as evidenced by her non-signature of the conciliation agreement. Instead, she wanted money, as evidenced by the instant judicial complaint that seeks money damages, including compensatory and punitive damages. (Doc. 1; PAGEID#28) This is the precise scenario that was addressed in *Howard v. State Farm Ins. Co.*, 61 Ohio App. 2d 198, 401 N.E.2d 462.

What the Court in *Howard* found was that a Plaintiff does not have a private cause of action for employment discrimination, separate from what is provided in

Chapter 4112 of the Ohio Revised Code. In the *Howard* case, the OCRC made an initial probable cause finding against the employer, then engaged in the conciliation process outlined in O.R.C. Chapter 4112 and issued a "Conciliation Agreement and Consent Order" with the Defendant/Employer. There was no determination or finding that the Defendant/Employer discriminated against the Plaintiff. The Plaintiff did not agree with the Conciliation and Agreement Order and instead challenged it by filing a lawsuit seeking money damages. That is precisely the scenario that presents itself in this case. The Court in *Howard* held that the Plaintiff did not have a separate cause of action for money damages, apart from what was afforded through process that ended with the conciliation. Accordingly, the Court in *Howard* granted the Defendant/Employer's Motion to Dismiss. This Court should also grant the Defendants' Motion to Dismiss for any claims that arise out of Ohio law because Plaintiff does not have standing to bring those claims.

### G. Plaintiff fails to rebut the Defendants' arguments that she has not sufficiently stated claims in Counts VI, VII and VIII

Plaintiff's Response does not address or rebut the Defendants' argument that that the "Intra-corporate conspiracy doctrine" applies meaning that the City cannot conspire with itself. Therefore, Counts VI and VII should be dismissed. Further, Plaintiff does not address or rebut the Defendants' argument that Plaintiff has not alleged facts or constituting a violation of O.R.C. § 4112.02( E)(5). Therefore, Count VIII should be dismissed.

**CONCLUSION**

For the reasons stated, the City's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted.  Even accepting the pleadings as true, the Defendants are entitled to judgment as a matter of law.

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**
**CITY SOLICITOR**

*s/ Heidi Rosales*
Heidi Rosales (0066022)
Senior Assistant City Solicitor
City Hall, Room 214
801 Plum Street
Cincinnati, Ohio 45202
Telephone: (513) 352-4307
Fax: (513) 352-1515
Email: lauren.credittmai@cincinnati-oh.gov
Counsel for Defendant City of Cincinnati

CERTIFICATE OF SERVICE

I certify that on March 13, 2024, a true and accurate copy of the foregoing Defendants' reply in support of its 12(b)(6) Motion to Dismiss was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Heidi Rosales*
Heidi Rosales (0066022)